GEO. W. MORRIS ET AL. v. SMITH W. OSTERHOUT AND WM. O. HUGHART, JR.

*Promise to pay another's debt — Reliance on credit of third persons—Jury's finding.*

1. A promise to pay for goods to be supplied to a third person, and bought by him on the promisor's authority, is not within the Statute of Frauds as a promise to pay another's debt.

2. Taking an order from the purchaser of goods upon a third person who had authorized their purchase, is not inconsistent with sole reliance on the latter's credit.

3. A jury is not to be instructed to find what the undisputed facts show when there are other facts to be considered in connection with them.

Error to Osceola. (Judkins, J.)   Oct. 16.—Nov. 19.

ASSUMPSIT. Defendants bring error. Affirmed.

*T. J. O'Brien* for appellants.

*Cooper & Winsor* for appellees.

SHERWOOD, J.   The plaintiffs, who are millers residing at Reed City, brought their action of assumpsit against the defendants, who are engaged in the lumber business and reside at Grand Rapids, to recover for a quantity of flour and mill-feed, amounting to the sum of $482.92. James H. Carey had a contract with defendants whereby he was to do sawing and make shingles for them at Careyville, in Lake county, where the defendants had a quantity of pine timber.

The flour and feed was purchased by Carey and used by him while doing the sawing for defendants, and when he made the purchase he told the plaintiffs that the goods were for the defendants; that he was at work for them, and that they had ordered him to get the goods for them. The plaintiffs seek to hold the defendants liable under the authority, which was verbal, thus claimed to have been given Carey to make the purchase, and a subsequent promise claimed to have been made by Hughart to pay for the goods, which however is denied by the latter. The defendants claim that by the terms of their agreement with Carey they were under no obligation to supply the goods or to make advances to Carey, and that they never authorized him to make the purchase on their account.

The questions at the circuit were mostly those of fact, and were submitted to the jury, who, under the rulings and charge of the court, rendered their verdict for the plaintiffs for the amount claimed. The defendants bring error, and the rulings and charge of the court are now before us for review.

At the close of the trial the defendants' counsel asked the court to direct a verdict for the defendants. The request was refused.

We do not think the record presents a case for the instruction asked. Carey swears, in substance, that the defendants gave him authority to make the purchase on their credit, and the credibility of his testimony was for the jury. If he stated truly the direction sworn to by him as coming from defendant Hughart, the jury would be warranted in finding that the defendants authorized the purchase. The promise would be by defendants and not by Carey, and therefore not within the Statute of Frauds. It would be a debt contracted upon their own promise, and not a liability for the debt of another.

It is alleged as error that the court refused to give defendants' second, eighth and ninth requests to charge, which requests were as follows:

*Second.* If the jury finds from the evidence that the goods were charged, shipped and billed to Carey ; that no bill was ever sent to the defendants ; that the plaintiffs took an order on the defendants for the amount of the bill, and afterwards presented this order and requested its acceptance and payment, and still retain this order—such evidence is inconsistent with the claim now made by the plaintiffs, and they cannot recover in this action.

*Eighth.* Under the undisputed facts in this case, it appears that Carey is still liable to the plaintiffs for the amount of the goods in question, and the plaintiffs cannot recover in this action.

*Ninth.* It is not sufficient for the jury to find that Hughart authorized Carey to buy in their name and upon their credit.    They must also find from the evidence that the credit was given to Osterhout and Hughart and not to James H. Carey.    And in arriving at a conclusion on this point they should consider all the acts and conduct of the plaintiffs: such as the entry in their books, the shipping of the goods, the taking of the order, their repeated efforts to collect it, and their present possession of it.

The second and eighth requests, we think, were properly refused.    The facts stated in the second request exclude the idea that the inconsistency claimed for them is susceptible of explanation, but such is not the law.    The eighth request seeks to have the court state what the undisputed facts show. What they show was a question for the jury, and in this case cannot be considered disconnected with the other testimony in the case bearing on the same point.

The circuit judge in his charge stated to the jury that the *first* proposition for the plaintiffs to establish was that Carey was authorized by defendants to purchase the goods for them ; and *second*, that plaintiffs, when Carey made the purchase, relied entirely upon defendants, and not upon Carey, for the pay ; and if they found in the affirmative of these propositions the plaintiffs would be entitled to recover ; if not, the defendants must prevail.    He further told them that, in solving these propositions, they must take into consideration all the testimony in the case, including the actions of the parties.    We think these charges sufficiently cover the substance of the defendants' ninth request.

We have carefully examined the remainder of the charge excepted to by the defendants' counsel and do not find any error therein. The facts were for the jury, and whether the court below or this Court would or would not have come to the conclusion reached upon the testimony is not for our consideration. We find no error in the record committed by the court, and here our duty ends.

The judgment must be affirmed.

The other Justices concurred.